16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
JOHN HOLLAND Defendant Appellant.
 No. 93-1139.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 8, 1993.
Decided Jan. 26, 1994.
 
 Before POSNER, Chief Judge, and BAUER, and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 John Holland appeals from his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). The district court sentenced Holland to 262 months in jail. Holland raises two issues in this appeal. First, he argues that the district court erred when it did not hold a hearing on his motion to quash the arrest and suppress evidence in light of the fact that no sworn statements were submitted with the government's pleading. Second, Holland contends that a comment by the government during closing arguments violated his right not to testify at trial.
 
 
 2
 We address Holland's first issue first. Prior to trial, Holland filed a motion to quash arrest and suppress evidence, which the district court denied without holding a hearing. Holland's motion stated that he was lawfully operating a motor vehicle when Lockport, Illinois police officers stopped and searched his automobile. He alleged that the officers did not have a warrant, did not have probable cause, and did not possess knowledge of sufficient articulable facts to create a reasonable suspicion that the defendant had committed or was about to commit a crime. The search produced evidence which the government intended to use, and in fact did use, against Holland at his trial. The net result of this, Holland complained, was that his constitutional rights were violated. The district court denied Holland's motion because he did not provide a supporting affidavit or any other evidence which would have supported his legal conclusion that the stop was constitutionally invalid.
 
 
 3
 We review the district court's denial of Holland's motion for clear error. United States v. Tipton, 3 F.3d 1119, 1121 (7th Cir.1993). A district court is required to grant a hearing on a motion to suppress only when a criminal defendant presents facts that, if proved, would justify relief. United States v. Woods, 995 F.2d 713, 715 (7th Cir.1993). A defendant who requests a hearing bears the burden of showing that there are disputed issues of material fact. Id. The defendant cannot rely on vague, conclusory allegations, but must present definite, specific, detailed, and nonconjectural facts that justify relief before a district court will grant a suppression hearing. United States v. Randle, 966 F.2d 1209, 1212 (7th Cir.1992).
 
 
 4
 Holland's motion in this case does nothing more than throw out conclusory allegations. His motion does not provide anything other than legal conclusions, couched in the form of allegations, that Lockport police officers violated constitutional standards when they stopped and arrested him and, later, searched his car. As such, Holland's motion does not provide the required definite, specific, detailed, and nonconjectural facts that would justify holding an evidentiary hearing in this case. The district court properly denied Holland's motion.
 
 
 5
 Holland's second argument is also without merit. Holland complains about the following statement, which the government made during closing arguments: "It makes sense that [Holland] knew that the gun was there, and there is no evidence that shows that he didn't." Tr. at 171. At issue during Holland's trial was whether he knew that the car he was driving had a gun in it. Holland's defense was that he did not know about the presence of the gun in his car. Holland did not testify at trial. He argues that his failure to testify--which was his constitutional right--coupled with the challenged comment by the prosecutor violated his constitutional right not "to be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.
 
 
 6
 We employ a bifurcated analysis when analyzing such statements. First, we ask whether the government's comment was improper. United States v. DePriest, 6 F.3d 1201, 1210 (7th Cir.1993); United States v. Byerly, 999 F.2d 231, 236 (7th Cir.1993). If the comment was improper, we proceed to the second step and ask whether, in light of the entire record, the government's comment deprived Holland of a fair trial. DePriest, 6 F.3d at 1210; Byerly, 999 F.2d at 236.
 
 
 7
 In this case, the prosecutor's closing remark simply established that no evidence existed which tended to show that Holland did not know about the gun. Certainly, Holland's testimony could have provided such evidence, but so could other evidence. For example, Holland could have put on other witnesses who would testify that they knew how the gun came to rest on the seat of the car driven by Holland. We need not go into all of the possibilities; it is sufficient that other evidence could have established Holland's defense. The government's comment only described the evidence presented at trial. That evidence showed, as the jury's verdict indicates, that Holland knew that the gun was in the car and that Holland possessed the gun for purposes of section 922(g)(1).
 
 
 8
 We note as an additional matter that the trial court properly instructed the jury that Holland was not required to prove his innocence or produce any evidence. The court also instructed the jury that Holland had an absolute right not to testify and that the jury was not to consider the fact that he did not testify. We presume that juries follow their instructions. Davis v. Greer, No. 92-3203, slip op. at 4 (7th Cir. Jan. 13, 1994). Nothing in this case rebuts that presumption.
 
 
 9
 The prosecutor's remark was not improper and the record as a whole reveals that the challenged remark did not deprive Holland of a fair trial.
 
 Holland's conviction is
 
 10
 AFFIRMED.